IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
DISTRICT OF ROCK HILL

| | |
|---|---|
| Christopher Rogers, ) | Civil Action No.: 0:12-2210-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Christopher Rogers ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handing. On November 6, 2013, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff had not shown that the Commissioner's decision was unsupported by substantial evidence or reached through an incorrect legal standard. Accordingly, the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 23). Plaintiff filed Objections on December 5, 2013, (ECF No. 28), and the Commissioner filed a Reply on December 23, 2013. (ECF No. 32). For the reasons stated below, the court respectfully declines to follow the Report and

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

Recommendation and reverses and remands the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and procedural history on this matter, and the court incorporates them and summarizes below in relevant part. This claim for disability benefits arises out of alleged injuries suffered by Plaintiff in a April 17, 2005 motorcycle wreck. Plaintiff filed an application for DIB and SSI on March 4, 2008, alleging a disability as of April 17, 2005, due to traumatic brain injury, poor stamina, chondromalacia patella secondary, and body functioning. (Tr. 12, 303). Plaintiff was twenty-four years old at the time of his alleged disability. (Tr. 675, 680). He has a high school education and past relevant work experience as an electrician's helper. (Tr. 27). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested a hearing and a hearing was held on December 3, 2009, and a supplemental hearing was held on July 22, 2010. In a decision dated August 26, 2010, the ALJ found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. 9-28). On June 5 2012, the Appeals Council denied Plaintiff's request for review making the decision of the ALJ the final action of the Commissioner for purposes of judicial review. (Tr. 1-3). Plaintiff filed this action on August 3, 2012 to obtain judicial review of the final decision of the Acting Commissioner denying his claims for Social Security benefits. (ECF No.1).

## REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 23 at

30).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions.  28 U.S.C. § 636(b)(1).  "However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the court's review of the Report thus depends on whether or not objections have been filed, in either case, the court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.*"  Wallace v. Housing Auth. Of the City of Columbia*, 791 F Supp.  137, 138 (D.S.C. 1992) (internal citations omitted).

## LEGAL STANDARD

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall

be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees with such decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## OBJECTIONS

In objections filed on December 5, 2013, Plaintiff contends that the ALJ erred by improperly giving little weight to a substantial number of Plaintiff's treating and examining medical opinions and failing to consider all of Plaintiff's limitations and provide an adequate discussion to support his Residual Functional Capacity ("RFC") assessment. (ECF No. 28). The Commissioner filed a response to Plaintiff's objections asserting that the Commissioner's decision is supported by substantial evidence. (ECF No. 32).

**DISCUSSION**

In the instant action, the ALJ gave "great weight" to the opinions of nonexamining doctors who neither met Plaintiff nor examined him. Instead their opinions were based upon the records presented to them. Plaintiff asserts that the nonexamining doctors were not aware of the limitations and conclusions of the treating doctors, who had actually examined Plaintiff, as the latest of the nonexamining opinions was penned in 2008. (Tr. 805). Plaintiff indicates that all the treating doctor's opinions, setting out Plaintiff's limitations, were issued after 2008. (Tr. 974-977, 1082-1083, 1141-1143).

Before a court can determine whether or not a decision is supported by substantial evidence, it must determine whether the Commissioner has considered all relevant evidence and explained the weight given to the evidence. In this case, the record contains multiple medical opinions from treating, examining, consulting and nonexamining doctors concerning the extent of Plaintiff's impairments. Interestingly, the ALJ dismissed opinions of Plaintiff's treating and examining doctors, giving them little weight, and instead afforded nonexamining doctors great or significant weight.

**Evaluation of Opinion Evidence from Medical Sources**

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). An ALJ must consider

all medical opinions in a case in determining whether a claimant is disabled. *See id.* §§ 404.1527(c), 416.927(c).

The Regulations provide that opinions of treating physicians and psychologists on the nature and severity of impairments are to be accorded controlling weight if they are well supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Craig*, 76 F.3d at 590; *Ward v. Chater*, 924 F.Supp. 53, 55–56 (W.D.Va.1996); SSR 96–2p, 1996 WL 374188 (2 July 1996). Otherwise, the opinions are to be given significantly less weight. *Craig*, 76 F.3d at 590. In this circumstance, the Regulations cite factors to be considered in determining the weight to be given, including the length and nature of the treating relationship, the supportability of the opinions, and their consistency with the record. 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

The ALJ's "decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." SSR. 96–2p, 1996 WL 374188, at *5; *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Ashmore v. Colvin*, No. 0:11–2865–TMC, 2013 WL 837643, at *2 (D.S.C. 6 Mar. 2013) ("In doing so [i.e., giving less weight to the testimony of a treating physician], the ALJ must explain what weight is given to a treating physician's opinion and give specific reasons for his decision to discount the opinion.").

Here, perhaps most notable about the ALJ's evaluation is that he gave greater

weight to the opinions of nonexamining sources rather than Plaintiff's treating sources. *See* 20 C.F.R. §§ 404.1527(d)(1), (2) (stating that generally more weight is given to the opinions of an examining source, than a nonexamining source, and to sources with a treating relationship with the claimant); 416.927(d)(1), (2) (same). And he did so, when the nonexamining sources did not have the benefit of subsequent opinions from treating and examining sources. While under appropriate circumstances the opinions of nonexamining sources may be given more weight than those of treating sources, *see* SSR. 96–6p, 1996 WL 374180, at *3 (2 July 1996), the ALJ fails to show that such circumstances are present here.

As it appears, the nonexamining sources, did not have the benefit of all the medical opinions prior to issuing their opinions, the court is unable to discern from the present record whether the ALJ's decision is supported by substantial evidence. Accordingly, due to the unique circumstances of this case, the court is constrained to remand this matter to the Commissioner for further proceedings. The Commissioner is directed to submit the subsequent opinions from treating and examining sources to the nonexamining sources for further consideration. The court acknowledges that this may not alter the opinions of the nonexamining physicians.

### Other Issues

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address the Plaintiff's remaining issues, as they may be rendered moot on remand. *See Boone v. Barnhart*, 353 F.3d 203, 211 n. 19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, the Plaintiff may present his remaining arguments on remand,

including that the ALJ erred in evaluating opinion evidence as required under the Treating Physician's Rule and that the RFC fails to include all Plaintiff's limitations.

## CONCLUSION

Upon careful consideration of the entire record, the court respectfully declines to follow the Magistrate Judge's recommended disposition of this matter. (ECF No.23). The final decision of the Commissioner denying Plaintiff's Disability Insurance Benefits and Supplemental Security Income benefits is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) and 1383(c)(3) for further proceedings consistent with this order.

In making this ruling, the court expresses no opinion on the weight that should be accorded any piece of evidence. That is a matter for the Commissioner to decide.

IT IS SO ORDERED.

                                                    s/Mary G. Lewis
                                                    United States District Judge

Spartanburg, South Carolina
March 31, 2014